## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | | |
|---|---|---|
| RICHARD L. PERSINO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 50004 |
| | ) | |
| UNUM GROUP d/b/a UNUM LIFE | ) | Judge Kapala |
| INSURANCE COMPANY OF | ) | |
| AMERICA, | ) | Magistrate Judge Mahoney |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S MEMORANDUM IN OPPOSITION
### TO THE PLAINTIFF'S MOTION TO REMAND

Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA ("Unum"),

incorrectly named as UNUM GROUP d/b/a UNUM LIFE INSURANCE COMPANY OF

AMERICA, by its attorneys, Michael J. Smith and Warren von Schleicher, hereby submits its

Memorandum in Opposition to the Plaintiff's Motion to Remand, and in support hereof, states as

follows:

### INTRODUCTION

The plaintiff, Richard L. Persino, M.D. ("Persino"), was insured under a group disability

insurance policy ("Group Policy") issued by Unum to the American College of Obstetricians and

Gynecologists.  The Group Policy provides both total disability and residual disability coverage.

In order to qualify for total disability benefits, the insured must be unable to perform the material

and substantial duties of his occupation due to injury or sickness.  In order to qualify for residual

disability benefits, the insured must sustain at least a 20% loss in work earnings due to injury or

sickness.

In the Complaint, Persino alleges that in November 2002, he became residually disabled due to non-Hodgkin lymphoma. (Complaint, ¶¶ 12, 13). Unum approved Persino's residual disability claim and paid benefits to him from January 2003 through September 2006. (Complaint, ¶¶ 14, 31). In October 2006, however, Persino received a large lump sum payment ($185,053.00) from his part-time employer, Mercy Health System. (Complaint, ¶ 25). As a result of this payment, Unum determined Persino no longer satisfied the Group Policy's definition of residual disability, and that his disability claim, in fact, had been overpaid by $26,632.00. (Complaint, ¶ 32). Unum further determined that Persino failed to satisfy the Group Policy's eligibility requirements for continued coverage, because he failed to work the requisite minimum hours. On February 26, 2007, therefore, Unum informed Persino that his coverage under the Group Policy has been terminated. (Complaint, ¶ 32).

In assessing the propriety of removal in a diversity jurisdiction case, courts look to the amount in controversy as alleged by the plaintiff at the time the suit was filed. *Johnson v. Wattenbarger*, 361 F.3d 991 (7th Cir. 2004). In the Complaint, Persino seeks a declaratory judgment against Unum reinstating his coverage (Count I), damages in excess of $50,000 for breach of contract (Count II), and damages in excess of $50,000 for fraud (Count III). On the face of the Complaint, therefore, Persino seeks damages in excess of $100,000.

In his Motion to Remand, however, Persino argues that he inflated his damages in the Complaint in order to manipulate the state court jurisdictional minimum for assignment to the law division, without realizing that his jurisdictional maneuvering would land him in federal court. Now, in an effort to avoid federal court, Persino endeavors to further manipulate jurisdiction by proffering his purported "good faith belief" that the amount in controversy totals only $35,069.00, comprised of a dispute over $26,632.00 in overpaid residual disability benefits

and $8,437.00 in unpaid premiums if the court reinstates Persino's coverage under the Group

Policy.

Persino fails to inform the court, however, about the true nature of this lawsuit. In truth,

Persino wants his disability insurance coverage reinstated so that he can submit another claim for

disability benefits. Indeed, during the parties' pre-suit discussions, Persino informed Unum that

in November 2006, he became totally disabled due to Crohn's disease. If Unum prevails on the

issue of the termination of Persino's coverage, Unum necessarily prevails on the issue of

Persino's claim for disability benefits in one stroke. The actual amount in controversy, therefore,

consists not only of $26,632.00 in overpaid disability benefits and $8,437.00 in unpaid

premiums, but also up to $65,000.00 in disability benefits under the Group Policy. So the

damages actually alleged in Persino's verified Complaint—in excess of $100,000—accurately

reflects the correct amount in controversy. Diversity jurisdiction, therefore, is secure.

Accordingly, on January 3, 2008, Unum properly removed the Complaint to federal court based

on diversity jurisdiction.[1]

## ARGUMENT

### I.    The Face Of the Complaint Seeks Damages In Excess Of $75,000.

The proponent of federal jurisdiction has the burden of demonstrating by a preponderance

of the evidence that the federal jurisdictional minimum has been met. *Oshana v. Coca-Cola Co.*,

472 F.3d 506, 511 (7th Cir. 2006), *cert. denied*, 127 S.Ct. 2952 (2007). The defendant satisfies

its burden by providing a plausible, good faith estimate that the amount in controversy exceeds

---

[1] Persino filed his Motion to Remand on February 5, 2005, one day after the expiration of the 30 day period for contesting removal. Section 1447(c) provides that "[a] motion to remand on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal …." 28 U.S.C. §1447(c). A plaintiff who fails to comply with §1447(c) waives all non-jurisdictional objections to removal. *See Davis v. Averitt Express, Inc.*, No. 06 C 5793, 2006 WL 3883322, at *2 (N.D.Ill. Dec. 28, 2006).

the jurisdictional threshold.  *Id.*  Thereafter, the plaintiff may defeat federal jurisdiction "only if

'it appears to a *legal certainty* that the claim is really for less than the jurisdictional amount.'"

*Id.* (*quoting St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (emphasis

added)).

In removal cases, when the amount in controversy alleged in the complaint satisfies the

federal jurisdictional threshold, the plaintiff's alleged amount is presumed to be correct.  As

explained in *Cahill v. Ivex Nocacel, Inc.*, No. 04 C 2566, 2004 WL 2064305 (N.D. Ill. Sept. 1,

2004):

> For removal cases "the amount alleged in the plaintiff's complaint, if
> sufficient to meet the jurisdictional requirements of §1332, is presumed
> correct on the assumption that a plaintiff would not fabricate the amount in
> controversy to meet the federal diversity jurisdiction requirements and
> then file her suit in state court relying on the defendant to remove the case
> to federal court."

*Id.*, at *1 (*quoting Smith v. American General Life and Accident Ins. Co., Inc.*, 337 F.3d 888, 892

(7th Cir. 2003)).

Persino's Complaint expressly seeks damages in excess of the federal jurisdictional

threshold of $75,000.  Specifically, Persino seeks a declaratory judgment reinstating his coverage

under the Group Policy (Count I), damages in excess of $50,000 for breach of contract (Count

II), and damages in excess of $50,000 for fraud (Count III).  Persino signed a verification

attesting that the statements in his Complaint are true and correct.  The federal jurisdictional

amount is satisfied, therefore, based on the allegations of Persino's verified Complaint.  *See, e.g.,*

*NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir.), *cert. denied*, 515 U.S.

1104 (1995) ("Generally the amount in controversy claimed by a plaintiff in good faith will be

determinative on the issue of jurisdictional amount, unless it appears to legal certainty that claim

is for less than that required by rule.").

In his Motion to Remand, Persino disingenuously argues that his prayer for damages "in excess of $50,000" in both Counts II and III of the Complaint represent alternative theories of recovery and should not be combined for purposes of determining the amount in controversy. (Pl. Motion, ¶ 3). Claims that are pled in the alternative are premised upon mutually exclusive and inconsistent theories of recovery. *See, e.g., Spungen v. Forman*, No. 06 C 5974, 2007 WL 1114053, at *5 (N.D. Ill. Apr. 9, 2007). But Persino's breach of contract and fraud claims in Counts II and III of the Complaint do not comport with the theory of alternative pleading. In Count II, Persino alleges that Unum breached the insurance contract by terminating Persino's insurance coverage. In Count III, Persino alleges that Unum made fraudulent misrepresentations to Persino *after* terminating his insurance coverage that caused Persino to sustain damages above and beyond the loss of his insurance coverage. Persino's breach of contract and fraud claims, therefore, arise out of separate alleged wrongs and are not mutually exclusive. Consequently, Persino's alleged damages in Counts II and III are properly combined for purposes of determining the amount in controversy.

Because the face of Persino's verified Complaint reflects claims for damages exceeding $100,000, and there is no dispute that the parties are diverse, federal jurisdiction is secure under 28 U.S.C. §1332.

## II.    The Financial Impact Of Persino's Request For Declaratory Relief In Count I Of The Complaint Exceeds $75,000.

Irrespective of the monetary damages alleged in his verified Complaint, Persino submits that it is his "good faith belief" that the amount in controversy totals only $35,069.00, comprised of $26,632.00 in overpaid disability benefits and, if the court reinstates his insurance coverage,

$8,437.00 in unpaid premiums.[2] (Pl. Motion, ¶ 5). Persino, however, endeavors to obscure the

true financial impact of the declaratory relief that he seeks, which is Unum's potential liability to

Persino, under the alleged reinstated Group Policy, for total disability and residual disability

benefits incurred since November 2006 and continuing to the present.

It is well establish that in a declaratory judgment action, the amount in controversy is

determined by the monetary impact of compliance with the declaratory relief. *Cahill*, 2004 WL

2064305, at *2 ("If a plaintiff is seeking 'an injunction or a declaratory judgment, the amount in

controversy is determined by the value to the plaintiff (or petitioner) of the object of the

litigation.'") (*quoting America's MoneyLine, Inc. v. Coleman*, 360 F.3d 782, 786 (7th Cir. 2004)).

*Accord Tropp v. Western-Southern Life Ins. Co.*, 381 F.3d 591, 595 (7th Cir. 2004) (holding that

the financial impact of the declaratory relief on the defendant is properly considered as part of

the amount in controversy under 28 U.S.C. §1332).

In *Meridian Sec. Ins. Co. v. Sadowksi*, 441 F.3d 536 (7th Cir. 2006), the plaintiff, an

insurer, sought a declaration that it had no duty to defend the defendant, its insured, in

connection with a separate class action lawsuit. The Seventh Circuit held that the amount in

controversy properly included the insurer's potential liability to indemnify the insured, even

though the insurer's liability was contingent on the outcome of the class action lawsuit. A

declaratory judgment that the insurer does not have a duty to defend necessarily means that the

insurer also does not have a duty to indemnify. *Id*., at 539. Thus, if the insurer obtains a

declaratory judgment that it has no duty to defend, the insurer "would have prevailed on defense

and indemnity at a stroke." *Id*. The Seventh Circuit held, therefore, that the amount in

---

[2] Persino also seeks recovery of an amount of attorneys' fees that he characterizes in the Complaint as "substantial" but which he refuses to quantify. (Pl. Motion, ¶ 5; Complaint, ¶ 53).

controversy properly includes the insurer's potential contingent liability to indemnify the

insured.  *Id.*[3]

       In the case *sub judice*, Persino seeks reinstatement of his coverage specifically so that he

can pursue a claim for disability benefits under the Group Policy.  Indeed, one of Persino's

theories of the case is that he continues to be disabled, and coverage under the Group Policy

cannot be terminated during any period of disability.  As stated by Persino's counsel in a March

23, 2007 letter to Unum:

> Dr. Persino has been, since November 25, 2002, and is working on a part-
> time basis because of his Disability.  Because his part-time capacity is the
> result of Disability he falls squarely within the exception articulated in the
> policy; as such, the termination of his coverage is wrongful and in breach
> of the policy.

(March 23, 2007 letter, attached hereto as Exhibit A).

       Exhibit G to the Complaint, which is a May 17, 2007 letter from Unum to Persino's

counsel, further evidences that Persino desires reinstatement of his coverage in preparation for

submitting a disability claim based on Crohn's disease.  As recounted in Unum's May 17, 2007

letter:

> It also appears as though Dr. Persino may have been completely out of
> work, in part, due to what has been reported by him as "Crohn's
> Syndrome."  He reported to have been out and on medical leave from
> Mercy Health System until approximately February 12, 2007.  When
> asked for the dates of this absence, you explained that you were uncertain
> of the exact dates, but thought he was on medical leave beginning
> approximately sometime in early December 2006.  You advised that you
> would contact Dr. Persino and provide us with the exact dates.  You also
> indicated that Dr. Persino may be going out on full medical leave again in
> the near future.

(Complaint, Ex. G, pg. 3).  Thus, Persino claims that he was totally disabled from November

---

[3]  The Seventh Circuit specifically "banished" any jurisdictional test that would require the
proponent of federal jurisdiction to establish a "reasonable probability that jurisdiction exists."  *Meridian
Sec. Ins. Co.*, 441 F.3d at 543.

2006 to at least February 12, 2007, then either residually disabled or totally disabled thereafter and continuing to the present.

Persino's counsel, in a letter to Unum dated June 19, 2007, confirmed that Persino ceased working and went on "full disability" due to Crohn's disease as early as November 2006: "Dr. Persino did not go on full disability leave for the Crohn's syndrome until November 2006." (June 19, 2007 letter, attached hereto as Exhibit B).

The Group Policy provides for payment of a monthly indemnity of $5,000.00 in the event the insured becomes totally disabled. Persino, through his counsel, has stated that he was unable to work due to Crohn's disease starting in November 2006. Unum's potential contingent liability to Persino for total disability benefits under the Group Policy for the period between November 2006 and the date of the filing of the Complaint on November 27, 2007 is $65,000.00, plus $5,000.00 for each month thereafter (currently totaling $85,000.00).

At the time Persino filed his Complaint, therefore, the amount in controversy with respect to Persino's declaratory judgment action totaled $100,069.00, consisting of $65,000.00 in total disability benefits, $26,632.00 in overpaid residual disability benefits, and $8,437.00 in unpaid premiums. If Unum prevails on Persino's claim for reinstatement of coverage under the Group Policy in Count I of the Complaint, Unum, in a single stroke, also prevails with respect to its contingent liability to Persino for payment of disability benefits under the Group Policy.

The allegations of the Complaint and correspondence between the parties establish that the amount in controversy exceeds the federal jurisdictional threshold. *See Meridian Sec. Ins. Co.*, 441 F.3d at 541 ("Although the proponent of jurisdiction may be called on to prove facts that determine the amount in controversy … once these facts have been established the

proponent's estimate of the claim's value must be accepted unless there is 'legal certainty' that

the controversy's value is below the threshold.") (citations omitted).

## CONCLUSION

It is improper for Persino to try to deprive Unum of its federal right by obscuring the

parties' true financial stake in this lawsuit.  Unum has satisfied its burden by providing a

plausible, good faith estimate that the amount in controversy exceeds the federal jurisdictional

threshold. Unum, as a citizen of another state, is entitled to the protections of a neutral federal

forum.

WHEREFORE, defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA,

respectfully requests that the court deny Plaintiff's Motion to Remand.

Respectfully submitted,

Michael J. Smith
Warren von Schleicher            By:    /s/ Warren von Schleicher_____
Smith, von Schleicher & Associates       Attorney for Defendant, Unum Life
39 S. LaSalle St., Suite 1005            Insurance Company of America
Chicago, Illinois  60603
(312) 541-0300

**CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.  In addition, I hereby certify that I have served a paper copy of the electronically filed document, via U.S. Mail, postage pre-paid, on the following attorneys:

Jamie Wombacher
Gummerson & Rausch
101 S. Benton, Suite 201
Woodstock, Illinois  60098

Respectfully submitted,

/s/ Warren von Schleicher

Smith, von Schleicher & Associates
39 S. LaSalle St., Suite 1005
Chicago, Illinois  60603
(312) 541-0300
(312) 541-0933 Facsimile
E-Mail:  warren.vonschleicher@svs-law.com
ARDC #6197189