# Gummerson & Rausch

Rebecca M. Lee



March 23, 2007

<u>VIA FIRST CLASS MAIL</u>
<u>& CERTIFIED MAIL</u>
Worcester Benefits Center
Appeals Unit
P.O. Box 15112
Worcester, MA 01615-0112

  Re: Richard Persino vs. UnumProvident Corpora<sup>..</sup>
    Our File No.: 37059-000
    Your Claim No.: CLA031661

To Whom it May Concern:

  Please be advised that this law firm has been retained by Dr. Richard Persino to represent his interests with respect to the instant disability claim as well as the recent termination of his disability policy. Our client is in receipt of a letter of February 26, 2007 wherein Ms. Ann Goodrow, a Disability Benefit Specialist for Unum Life Insurance Company, claimed overpayment of disability benefits and terminated his policy. A copy of that correspondence is enclosed. Please accept this correspondence as Dr. Persino's official written appeal of those decisions.

  Ms. Goodrow, in her letter, first claimed that Unum overpaid $26,632.00 in disability benefits because Dr. Persino was not eligible for the Residual Disability Benefit beginning August 1, 2005. She arrived at this conclusion by averaging Dr. Persino's earnings for the period August, 2005 to October, 2006.

  I have had an opportunity to review Dr. Persino's policy (number 1074). I note that Sections (sic) III sets forth definitions for a number of key words used in the policy. Specifically, the Section defines "earnings", in part, as "the monthly income from wage or salary You earn for services performed by You during each month of Residual Disability for which claim is made. Monthly Income includes bonuses, commissions, fees or other remuneration earned for services performed by You from Your occupation after deduction of normal and customary business expenses but before deduction of any income taxes." Thereafter, "pre-disability earnings" is defined as "the average monthly income from Your Occupation for the 24 months immediately prior to the date the Disability began. Monthly income includes bonuses, commissions, fees or other remuneration earned for services performed by You from Your occupation after deduction of normal and customary business expenses but before deduction of any income taxes."

  Though the policy calculates "pre-disability earnings" by an *average* monthly income, it

UACL01509

Worcester Benefits Center
March 23, 2007
Page 2

clearly does not allow for such a calculation of "earnings". Nevertheless, such a calculation was used by Ms. Goodrow to determine that, effective August 1, 2005, Dr. Persino became ineligible for Residual Disability Benefits. The policy does not provide for such an averaging; therefore, Dr. Persino is not liable for and will not pay the amount claimed owed by Unum.

The correspondence also informed Dr. Persino that his policy coverage had been terminated. This termination was premised on an allegation that Dr. Persino is not engaged on a full-time basis in his occupation as required for coverage under the policy: "You further stated that you are actually working the same number of hours as prior to your disability."

First, no such statement was ever made by Dr. Persino. In point of fact, Dr. Persino indicated that he is working fifteen to nineteen hours a week, the same as he was working before he joined Mercy, *not* before his Disability. Furthermore, the policy provides, in part, that coverage will terminate when "You retire or cease to be actively engaged, on a full-time basis in Your occupation, *for a reason other than Disability.*" Dr. Persino has been, since November 25, 2002, and is working on a part-time basis because of his Disability. Because his part-time capacity is the result of Disability he falls squarely within the exception articulated in the policy; as such, the termination of his coverage is wrongful and in breach of the policy.

We expect that in light of the aforementioned errors, Dr. Persino's policy will be reinstated immediately. Dr. Persino is ready and willing to pay the appropriate premium due as soon as he receives a statement for same.

I am available to discuss any of these issues at your convenience.

Very truly yours,

GUMMERSON & RAUSCH, LLC

*Rebecca L.*
Rebecca M. Lee

RML:bas
Enclosure

cc:   Dr. Richard Persino

\\Woody-nt\User\RLee\P\Persino\Appeals Unit.lt.wpd

UACL01510