2007-Jul-10  03:43pm    From-GUMMERSON & RAUSCH                    815 337 7990        T-923   P.002/003   F-753

# Gummerson & Rausch

Rebecca M. Lee



June 19, 2007

*VIA FIRST CLASS MAIL*

Johnathan P. Butler, Appeals Consultant
Benefits Center Compliance
Unum Life Insurance Company
18 Chestnut Street
Worcester, MA 01608-1528

> Re:    Richard Persino vs. UnumProvident Corporation
> Our File No.: 37059-000
> Your Claim No.: CLA031661

Dear Mr. Butler:

This letter is in follow up to our telephone conversation on May 16, 2007 and your correspondence of May 17, 2007. You confirmed in your letter that which we discussed on the telephone: Dr. Persino is, in fact, eligible to continue his disability coverage. By our calculations, and by the contract between the parties, Dr. Persino should have been billed for premiums beginning October 12, 2006, the date when he began earning more than 80% of his pre-disability earnings. As I indicated in my March 23, 2007 correspondence, Dr. Persino is ready and willing to pay the appropriate premium due as soon as he receives a statement for same.

Unfortunately, with your concession that Unum should never have sent Dr. Persino notice of termination of benefits, you, like Ms. Goodrow in her termination letter, quote a claimed overpayment by Unum based upon a calculation which averages Dr. Persino's October 12, 2006 payment over the period August 2005 to July 2006. Your calculation is erroneous; I will explain to you again why you cannot use this calculation. The contract between the parties, a document by which you are bound, does not provide for an averaging of monthly income when calculating "earnings". Definitions for certain key words are provided in the third section of the contract. While the contract requires "pre-disability earnings" to be calculated by an *average* of monthly income, the contract specifically defines "earnings" as monthly income. The $185,053.00 check to which you refer in your correspondence was clearly paid to Dr. Persino on October 12, 2006. The check indicates it is for the period beginning September 24, 2006 and ending October 7, 2006. As such, by the terms of the contract, the payment can only be considered as monthly income for Dr. Persino in October, 2006.

Your letter goes on to request a number of items from Dr. Persino which we do not believe are necessary for you to calculate Dr. Persino's due premiums for the period October 12,

UACL01536

101 S. Benton Street, Suite 201 • Woodstock, Illinois 60098    Ph: 815.337.7700 • Fax: 815.337.7990
Attorneys at Law, LLC

2006 to present, or to reinstate his policy. I will address each of these items individually. First, you ask for monthly profit and loss statements for the period November, 2000 through October, 2002. We are not asking you to recalculate Dr. Persino's pre-disability earnings as we are not disputing your previous calculations. As such, you have no need for further information regarding Dr. Persino's pre-disability earnings.

Next, you request information regarding Dr. Persino's on-call hours with Mercy Health System. Dr. Persino has gone above and beyond what is required by him in the contract, and has provided you with all of the information he has relative to his relationship with Mercy Health System. He is not compensated by Mercy for his on-call hours and any information relative to such is not relevant to the issue at hand, the reinstatement of his disability policy.

Finally, you request information relative to Dr. Persino's disability period in 2006 as a result of Crohn's syndrome and certain information regarding any Short Term Disability or Long Term Disability coverage provided to Dr. Persino by Mercy Health System. As Dr. Persino has repeatedly advised you, he does not have Short Term Disability, nor Long Term Disability, with Mercy Health System. Mercy does provide what they call "Salary Continuation" which is outlined in Dr. Persino's Mercy Health System Physician Agreement, a copy of which Dr. Persino provided you on January 2, 2007. Unum issued residual disability benefits to Dr. Persino to October 1, 2006. Dr. Persino did not go on full disability leave for the Crohn's syndrome until November 2006. He did not make an additional or separate disability claim with you as a result of this leave. Accordingly, none of the information you request is relevant to the reinstatement of Dr. Persino's policy, nor the analysis of any claimed overpayment by Unum.

Unum, in violation of its contract with Dr. Persino, impermissibly terminated his disability policy. We hereby demand immediate reinstatement. If reinstatement is not made by July 1, 2007, a lawsuit will be filed against you seeking all available legal remedies.

We trust you will govern your actions accordingly.

Very truly yours,

GUMMERSON & RAUSCH, LLC

Rebecca M. Lee

RML:bas
Enclosure

cc:    Dr. Richard Persino
\\Woody-nt\User\RLee\P\Persino\Unum.Butler.lt 6-19-07.wpd

UACL01537