IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| RICHARD L. PERSINO, | ) | |
|    *Plaintiff,* | ) | 08 CV 50004 |
| | ) | |
| vs. | ) | Magistrate Judge P. Michael Mahoney |
| | ) | Judge Frederick J. Kapala |
| UNUM GROUP, d/b/a UNUM LIFE | ) | |
| INSURANCE COMPANY OF | ) | |
| AMERICA, | ) | |
|    *Defendant.* | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO THE PLAINTIFF'S MOTION TO REMAND**

NOW COMES, the Plaintiff, RICHARD L. PERSINO, by and through his attorneys, GUMMERSON & RAUSCH, LLC, and replies to the Defendant's Memorandum in Opposition to the Plaintiff's Motion to Remand as follows:

**RESPONSE TO INTRODUCTION**

The Plaintiff generally agrees with the factual recitation contained within the introduction section of the Defendant's response. However, certain statements are false and must be corrected on the record. First, the Plaintiff has no intentions of submitting a claim for disability benefits at this time, and does not seek to have his insurance reinstated only for purposes of filing a claim. The Defendant's memorandum states that "Persino informed Unum that in November 2006, he became totally disabled due to Crohn's disease." However, the Defendant fails to cite to the very next statement within the correspondence labeled as Exhibit B, which states "He did not make an additional or separate disability claim with you as a result of this leave." **See** Exhibit B attached to Defendant's memorandum. Dr. Persino received salary continuation benefits from his employer during his leave, and was not entitled to disability benefits from Unum.

Additionally, in a footnote, the Defendant asserts that the Plaintiff's Motion to Remand was untimely. However, the motion to remand is based entirely on a lack of subject matter jurisdiction and is therefore timely.

## ARGUMENT

**I.     Response to the Face of the Complaint Seeks Damages in Excess of $75,000.**

The Defendant correctly cites to case law which requires Defendant to demonstrate by a preponderance of the evidence that the federal jurisdictional minimum has been met. However, the Defendant produces no evidence to support its good faith assertion that the jurisdictional minimum has been met. The Defendant's proposition is based, in part, on the request for declaratory relief, which will be addressed below. The Defendant also asserts its good faith belief based upon the face of the Plaintiff's Complaint which seeks damages in excess of $100,000. The Plaintiff's Motion to Remand asserts that he has plead in the alternative the same claim in two legal theories. "One claim pleaded in the alternative under separate legal theories *cannot* be aggregated for jurisdictional purposes." Holmes v. Boehringer Ingelheim Pharmaceuticals, Inc., 158 F.Supp.2d 866 (N.D.Ill. 2001). The Plaintiff's claims involve the Defendant's actions in administering and terminating a disability insurance policy. The claims are asserted as alternative theories of recovery. Each count incorporates by reference paragraphs 6 through 37 of the Complaint thus relying on the same factual basis for each claim. (Complaint ¶ 44 & 51.)

**II.    The Financial Impact of Persino's Request for Declaratory Relief in Count I of the Complaint Does Not and Cannot Exceed $75,000.**

In calculating whether this case falls within the $75,000 federal court threshold, the Defendant requests this Court to consider "Unum's potential liability to Persino, under the

alleged reinstated Group Policy, for total disability and residual disability benefits incurred since November 2006 and continuing to the present." That argument must fail. As noted by the Defendant, Dr. Persino is insured under a group disability insurance policy issued to the American College of Obstetricians and Gynecologists. Attached to this reply and incorporated by reference herein as Exhibit 1 is a letter from Affinity Insurance Services to Dr. Persino dated May 2007. At that time, Dr. Persino was placed on notice that "disability insurance coverage, provided through Unum Life Insurance Company of American, has been transferred to Unimerica Insurance Company on **March 1, 2007."** **See** Exhibit 1. Therefore, Unum would not be responsible for any disability claims for Dr. Persino after March 1, 2007. Dr. Persino admits that he was ineligible for continued disability benefits under his policy as of October 12, 2006. (Complaint ¶ 27.) Dr. Persino further admits that he was disabled from November 2006 to February 2007, but did not seek any disability benefits under the plan, because his employer had salary continuation coverage, and he was not entitled to benefits under the disability plan. **See** Exhibit B attached to Defendant's Memorandum.

      The Plaintiff is not currently disabled and does not seek reinstatement for purposes of pursuing a claim at this time. However, given the Plaintiff's diagnosis of cancer (Complaint ¶12) he may need to assert a disability claim in the future. At that time, if it arises, the Plaintiff's claim would not be to Unum, but to Unimerica in accordance with the attached Exhibit 1. The Plaintiff must be reinstated with Unum before he is eligible for the Unimerica plan. Therefore, the declaratory judgment portion of this claim does not and cannot exceed the $75,000 threshold for federal jurisdiction.

      The Defendant asserts that its good faith belief is that the value of the Plaintiff's claims

exceed $75,000. That belief is quantified on page 8 of its Memorandum. The Defendant asserts that the value of the declaratory judgment claim totals $100,069.00, which consists of $65,000 total disability benefits, $26,632.00 in overpaid residual disability benefits, and $8,437.00 in unpaid premiums. However, the $65,000 in total disability benefits cannot be considered. There was no claim for disability between November 2006 and March 2007 when the Plaintiff was covered by Unum. The Plaintiff has asserted that he was not entitled to benefits during the time he was paid salary continuation by his employer from November 2006 - February 2007. Assuming *arguendo* that he was eligible and did assert a claim during the time he was covered by Unum the maximum claim could only be $55,069, which covers unpaid benefits of $5,000 per month for four months, plus the alleged overpayment, and unpaid premiums.

It is clear that the Defendant cannot establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. It is reasonably certain that the value of the Plaintiff's claim does not exceed $75,000, and consequently this case must be remanded to the Circuit Court of McHenry County.

WHEREFORE, the Plaintiff, respectfully moves this Court to remand this case to the Circuit Court for the Twenty-Second Judicial Circuit, McHenry County, Illinois.

GUMMERSON & RAUSCH, LLC


/s/ Jamie R. Wombacher

GUMMERSON & RAUSCH, LLC
Attorneys for Plaintiff
101 S. Benton Street, Suite 201
Woodstock, IL 60098
(815) 337-7700