IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | | |
|---|---|---|
| **RICHARD L. PERSINO,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 50004 |
| | ) | |
| **UNUM GROUP d/b/a UNUM LIFE** | ) | Judge Kapala |
| **INSURANCE COMPANY OF** | ) | |
| **AMERICA,** | ) | Magistrate Judge Mahoney |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN OPPOSITION
TO THE PLAINTIFF'S MOTION TO REMAND**

Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA ("Unum"), incorrectly named as UNUM GROUP d/b/a UNUM LIFE INSURANCE COMPANY OF AMERICA, by its attorneys, Michael J. Smith and Warren von Schleicher, hereby submits its Reply in Opposition to the Plaintiff's Motion to Remand, and in support hereof, states as follows:

1.  The plaintiff, Richard L. Persino, M.D. ("Persino"), was insured under a group disability insurance policy ("Group Policy") issued by Unum to the American College of Obstetricians and Gynecologists. In the Complaint, Persino seeks a declaratory judgment against Unum reinstating his coverage under the Group Policy (Count I), damages in excess of $50,000 for breach of contract (Count II), and damages in excess of $50,000 for fraud (Count III).

2.  Persino seeks a remand of the case to state court on the basis that the jurisdictional amount in controversy has not been satisfied, even though the Complaint plainly seeks damages in excess of $100,000.00.

3.  Unum, in its Memorandum in Opposition to the Plaintiff's Motion to Remand,

established that Persino seeks reinstatement of his coverage in order to recover monthly disability benefits.  The actual amount in controversy, therefore, consists not only of $26,632.00 in overpaid disability benefits and $8,437.00 in unpaid premiums, but also up to $65,000.00 in disability benefits under the Group Policy.  If Unum prevails on the issue of the termination of Persino's coverage, Unum necessarily prevails on the issue of Persino's claim for disability benefits in one stroke.  Consequently, the damages actually alleged in Persino's verified Complaint—in excess of $100,000—accurately reflects the amount in controversy.

4. Persino, in his Reply to Defendant's Memorandum in Opposition ("Reply"), argues that the American College of Obstetricians and Gynecologists changed its group insurer from Unum, the defendant herein, to another insurer called Unimerica Insurance Company ("Unimerica"), effective March 1, 2007.  He argues that Unum's potential liability for payment of disability benefits terminated on March 1, 2007.  (Pl. Reply, pg. 3).

5. Persino simply *assumes* that Unum's potential liability for payment of disability benefits terminated on March 1, 2007, the date on which Unimerica's coverage commenced.  Persino, however, fails to establish that Unimerica contractually agreed to assume liability for payment of disability benefits when the insured's disability commenced prior to March 1, 2007.  Persino, for example, failed to submit to the court a copy of the Unimerica group policy, nor does he identify any evidence that Unimerica somehow agreed to assume the financial responsibility for paying disability benefits to insureds whose disability commenced while insured under Unum's Group Policy.

6. Persino equivocally states that he "[i]s not *currently* disabled and does not seek reinstatement for purposes of pursuing a claim *at this time*."  (Pl. Reply, pg. 3) (emphasis added).  It is revealing that Persino failed to submit a binding stipulation stating that he was not disabled

prior to March 1, 2007, and stipulating that he is not entitled to disability benefits under Unum's Group Policy. This omission further evidences that Persino seeks reinstatement of coverage under Unum's Group Policy in order to claim disability benefits from Unum.

7. Finally, Persino argues that he "[m]ust be reinstated with Unum before he is eligible for the Unimerica plan." (Pl. Reply, pg. 3). It simply makes no sense that Persino would sue only Unum if, indeed, the goal of this litigation is to obtain coverage under a different group insurance policy issued by Unimerica.

WHEREFORE, defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA, respectfully requests that the court deny Plaintiff's Motion to Remand.

Respectfully submitted,

| | |
|---|---|
| Michael J. Smith | |
| Warren von Schleicher | By:   /s/ Warren von Schleicher    |
| Smith, von Schleicher & Associates | Attorney for Defendant, Unum Life |
| 39 S. LaSalle St., Suite 1005 | Insurance Company of America |
| Chicago, Illinois  60603 | |
| (312) 541-0300 | |

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 29, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.  In addition, I hereby certify that I have served a paper copy of the electronically filed document, via U.S. Mail, postage pre-paid, on the following attorneys:

Jamie Wombacher
Gummerson & Rausch
101 S. Benton, Suite 201
Woodstock, Illinois  60098

                                            Respectfully submitted,

                                            /s/ Warren von Schleicher

                                            Smith, von Schleicher & Associates
                                            39 S. LaSalle St., Suite 1005
                                            Chicago, Illinois  60603
                                            (312) 541-0300
                                            (312) 541-0933 Facsimile
                                            E-Mail:  warren.vonschleicher@svs-law.com
                                            ARDC #6197189