# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50004 | **DATE** | 8/22/2008 |
| **CASE TITLE** | Persino vs. UNUM Group | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to remand [11] is denied.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Plaintiff, Richard Persino, filed a three-count complaint in the Circuit Court of Winnebago County, Illinois, against defendant, Unum Life Insurance Company of America.[1] Count I is a declaratory judgment claim seeking, among other things, a finding that defendant did not overpay disability payments to plaintiff under a disability insurance policy. Count II is a breach of contract claim which alleges that plaintiff has incurred substantial legal expenses and been without disability insurance since defendant terminated the policy, and has suffered damages "in excess of $50,000." Count III alleges a claim for fraud related to defendant's failure to reinstate the policy and further alleges that plaintiff has incurred substantial legal fees and has been without disability insurance since defendant terminated the policy, and as a result has suffered damages "in excess of $50,000." Defendant removed the case to this court based on diversity jurisdiction, and plaintiff, in turn, filed a motion to remand, asserting that the amount in controversy does not meet the jurisdictional threshold of being in excess of $75,000.[2]

    The amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit was removed. Oshana v. Coca-Cola Co., 472 F.3d 506, 510-11 (7th Cir. 2006). The defendant in a removal action bears the burden of showing by a preponderance of the evidence that the amount-in-controversy requirement has been met. Id. at 511. In the case where the plaintiff has provided little about the value of his claim, a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence. Id. Once the defendant in a removal case establishes the requisite amount in controversy, the plaintiff can defeat jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount. Id.

    Further, the test for whether a case satisfies the amount-in-controversy requirement is whether the complaint makes a good-faith claim for the amount, not whether the plaintiff is actually entitled to such an amount. Herremans v. Carrera Designs, Inc., 157 F.3d 1118, 1121 (7th Cir. 1998). Because the diversity statute confers federal jurisdiction over civil actions and not over counts, the separate claims or counts may be aggregated to satisfy the minimum amount. Id. On the other hand, "one claim pleaded in the alternative under separate legal theories cannot be aggregated for jurisdictional purposes." Holmes v. Boehringer Ingelheim Pharm., Inc., 158 F. Supp. 2d 866, 867 (N.D. Ill. 2001); see also Hanlon ex rel. Estate of Hanlon v. XY Tool &

**STATEMENT**

Die, Inc., No. 04 C 410, 2004 WL 838035, *2 (N.D. Ill. Apr. 16, 2004).

In the present case, both Counts II and III seek damages in excess of $50,000 and on their face would collectively meet the jurisdictional amount. Plaintiff contends, however, that they are in reality one claim being brought under two separate legal theories and, therefore, cannot be aggregated. A careful reading of the complaint, however, belies this contention. In Count II, plaintiff seeks damages for a breach of contract that allegedly occurred when defendant wrongfully terminated the policy. In Count III, on the other hand, plaintiff seeks damages for fraud based on alleged misrepresentations, misstatements, and omissions of fact related to defendant's failure to reinstate the policy. Clearly, Counts II and III set forth different claims (breach of contract based on wrongful termination and fraud related to the failure to reinstate) and, therefore, can be aggregated for purposes of determining the amount in controversy. Because the aggregated amount exceeds $75,000, the court finds the jurisdictional threshold has been satisfied and on that basis alone removal was proper.

Alternatively, even if the claims in Counts II and III could not be aggregated, the claim in Count I, which seeks, in part, a declaratory judgment that defendant did not overpay benefits to plaintiff, is clearly not the same as the claim in either Count II or Count III. Thus, the damages sought in Count I can be aggregated with the damages claims in either Count II or Count III. In doing so, the amount-in-controversy requirement is met as the amount of damages sought in Count I is at least $26,632, the amount of overpayment of benefits determined by defendant and sought to be disclaimed by plaintiff. See Compl. ¶ 32. Further, plaintiff admits in his motion to remand that the damages sought in Count I are at least $26,632. When aggregated with the $50,000 alleged in either Count II or Count III, the $75,000 threshold has been satisfied.

For the foregoing reasons, the court finds that this case was properly removed as the requirements for diversity jurisdiction have been met and, accordingly, denies the motion to remand.[3]

1. In the caption of the complaint, defendant is identified as Unum Group d/b/a Unum Life Insurance Company of America. Defendant clarified its name in its response to the motion to remand, and plaintiff has not objected to that clarification.

2. There is no issue as to whether the parties are of diverse citizenship.

3. In denying plaintiff's motion for remand, the court also denies plaintiff's request for attorney fees and expenses (included briefly in the body of the motion for remand) incurred in filing the motion for remand. In light of the court's ruling, there is no basis for the imposition of attorney fees or expenses under Rule 11 of the Federal Rules of Civil Procedure or 28 U.S.C. § 1927.